## CHAUNCEY P. JUDD *vs.* GEORGE FLINT.

A bond of defeasance, executed and recorded together with a deed of land made to secure a debt, was delivered by the grantor to another creditor, and the first creditor, on receiving from the second payment of his debt, conveyed the land to him, and the second creditor gave the debtor a new bond of defeasance conditioned for the payment of the amount of both debts. *Held*, that this transaction, although made to secure the debt of the second creditor in violation of the insolvent laws, gave him the right to hold the land against the debtor's assignee in insolvency, as security for the amount paid by him to the first creditor.

WRIT OF ENTRY, by the assignee of Luther Jenkins, an insolvent debtor, to recover land in North Reading. At the trial, the demandant, in opening his case, stated that he expected to prove the following facts: On the 3d of June 1850, Jenkins, who then owned this land, borrowed of Herrick Batchelder $400 for three years, gave him a deed of the land in fee to secure the payment of that sum and interest, and took back a bond of defeasance, conditioned to reconvey the land on such payment, and that, until default, Jenkins should remain in possession; and this bond was acknowledged and recorded with the deed. Jenkins afterwards became indebted to the tenant in the sum of about $400; and on the 24th of May 1852, being insolvent, and knowing himself to be insolvent, and with the intention of giving a preference to the tenant, who had reasonable cause to know such insolvency, a preference over other his creditors, made the following arrangement to secure him: Jenkins gave up to Batchelder the bond of defeasance, and Batchelder conveyed the land to the tenant, and the tenant paid Batchelder $400 and the interest then due him from Jenkins, and executed to Jenkins a bond of defeasance, which was not recorded, conditioned to convey the land to him upon payment of the sum which the tenant had paid Batchelder, and of the tenant's own debt, with interest, and Jenkins gave the tenant a note for those two sums, and interest, and within six months afterwards commenced the proceedings in insolvency under which the plaintiff was appointed his assignee.

Upon this statement, *Merrick*, J. ordered a verdict for the tenant, subject to the opinion of the whole court.

47 *

*C. P. Judd, pro se.*

*J. G. Abbott,* for the tenant.

This case was decided at October term 1856.

DEWEY, J. It seems to us that the present action is to be decided irrespectively of any question as to the conveyance of May 24th 1852, so far as it was designed to secure the debt of Jenkins to Flint of $400, having been made in violation of the insolvent laws forbidding preferences by insolvent debtors. Whatever may have been the character of that conveyance, in that respect, and however successfully the demandant might maintain his superior rights as against that claim, yet he must fail to sustain the present action, because the tenant shows in himself an older and better title, entirely legal in its origin, and unaffected by the subsequent acts of the parties and those claiming under them. The mortgage of June 3d 1850 from Jenkins to Batchelder was a valid mortgage, and was not affected by the insolvency of Jenkins. This mortgage has never been discharged. The giving up the bond of defeasance by Jenkins, the mortgagor, did not defeat the mortgage in the hands of Batchelder. Jenkins has never paid the money secured by his mortgage to Batchelder; but the same was paid by Flint, as a consideration for a conveyance by Batchelder of the estate to him. The estate passed from Batchelder to Flint therefore legally as to all the interest that Batchelder had therein, which was as security for four hundred dollars. To this extent, Flint has a good title to the premises, and may hold the same. This will be so, although the further attempt to secure the additional amount of Flint's debt may fail, as made in violation of the insolvent laws. This latter sum may not be secured by the conveyance to Flint. The question of the amount of the lien acquired by Flint, and whether it will include any sum beyond the $400 due to Batchelder, will properly arise on a bill in equity to redeem the estate.            *Judgment on the verdict.*